UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

GABRIEL ANDRES CALDERON NUTT, as Parent and
Natural Guardian of M.C., a Minor,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GABRIEL ANDRES CALDERON NUTT, as Parent and Natural Guardian of M.C., a Minor, sues Defendant ROYAL CARIBBEAN CRUISES LTD., and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, GABRIEL ANDRES CALDERON NUTT, as Parent and Natural Guardian of G.C., a Minor, is a citizen of the Columbia.

2. Defendant, ROYAL CARIBBEAN CRUISES LTD. ("Royal"), is a foreign entity with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

  c. Operated vessels in the waters of this state;

  d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

  e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

  f. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Allure of the Seas*.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## GENERAL ALLEGATIONS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Allure of the Seas*.

8. At all times material hereto, Defendant had exclusive custody and control of the vessel, the *Allure of the Seas*.

9. On or about October 12, 2019, the minor Plaintiff was a paying passenger aboard the *Allure of the Seas*, which was in navigable waters.

10. On or about October 12, 2019, the minor Plaintiff was a 3 year old child admitted to the onboard daycare center, *Adventure Ocean*, entrusted to the care and supervision of Defendant's staff.  While in the sole and exclusive care of Defendant's *Adventure Ocean* staff and in the *Adventure Ocean* center, the 3 year old Plaintiff was not supervised and, while unsupervised, fell, hitting her head on a sharp surface which caused  severe injuries including a severe laceration to her forehead.

11. In addition to the lack of supervision by Defendant's staff, the *Adventure Ocean* center aboard the vessel contained unreasonably sharp or other unreasonably hazardous surfaces unfit for the intended purpose of being included within a child care center where they would be in close proximity to the Plaintiff, a 3 year old child.

12. The minor Plaintiff's parents were not permitted to go into the *Adventure Ocean* center and, as such, the unreasonably sharp or other unreasonably hazardous surfaces unfit for the intended purpose of being included within a child care center were not open nor readily visible to the minor Plaintiff's parents.

13. Further, Defendant represented to the minor Plaintiff's parents that all activities within the Adventure Ocean center were "supervised by male or female youth staff that must have a four year University degree or international equivalent in Education, Rcreation or a related field and at least three to five years qualified experience in working with children ages six months to 17 years."

14. At all times material, the minor Plaintiff's parents relied upon Defendant's representations that the minor Plaintiff would be supervised by qualified staff in entrusting their minor child to Defendant's exclusive care.

15. At all times material, however, the staff at Advenutre Ocean failed to reasonably supervise the minor Plaintiff, G.C., at the time of the subject incident.

**COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT**

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

16. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

17. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

18. On or about October 12, 2019, the Plaintiff was in the *Adventure Ocean* daycare aboard Defendant's vessel, which was a place that Plaintiff was invited to be by Defendant and a place Defendant reasonably expected Plaintiff to be during the cruise.

19. On or about October 12, 2019, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to warn passengers and the Plaintiff of the unreasonably sharp and/or rigid surfaces in the *Adventure Ocean* center; and/or

   b. Failure to warn passengers and the Plaintiff's parents/guardians that the minor Plaintiff would not be supervised at all times while in the *Adventure Ocean* center; and/or

   c. Failure to warn passengers and the Plaintiff's parents/guardians that the minor Plaintiff would not be appropriately assisted at all times in the *Adventure Ocean* center; and/or

20. All or some of the above acts and/or omissions by Defendant and/or its agents, servants, and/or employees, caused and/or contributed to the minor Plaintiff being severely injured when she fell in the *Adventure Ocean* center.

21. At all times material, Defendant violated the International Safety Management Code's goals and intent and failed to have properly, adequately and safely implement the International Safety Management Code and by extension its own SQM Manual.

22. At all times material, Defendant failed to have an adequate Safety Management System Manual aboard the *Allure of the Seas*, and/or failed to properly implement the Safety Management System Manual aboard the *Allure of the Seas*.

23. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.  This knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area on Defendant's vessels and/or other vessels within the cruise industry.  *See, e.g., Mizel v. Royal Caribbean Cruises, Ltd. d/b/a Celebrity X Cruises*, Case No. 18-CV-02792-ENV/SMG (E.D.N.Y. 2018).

24. Had Defendant warned the Plaintiff of the hazardous conditions referred to above, Plaintiff would not have been left at *Adventure Ocean*.

25. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

**COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

26. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

27. At all times material hereto, it was the duty of Defendant to maintain the *Adventure Ocean* center aboard the vessel in a reasonably safe condition for the intended use of the center by young children, including the 3 year old minor Plaintiff.

28. On or about October 12, 2019, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately and regularly inspect the *Adventure Ocean* center to determine whether they met applicable safety standards; and/or

   b. Failure to adequately and regularly inspect the *Adventure Ocean* center to determine whether they were free of sharp or unreasonably rigid surfaces; and/or

   c. Failure to maintain the *Adventure Ocean* center free of sharp and rigid surfaces that children utilizing the *Adventure Ocean* center would exposed to; and/or

   d. Failure to maintain the *Adventure Ocean* center in a reasonably safe condition for use by young child passengers, including, minors 3 years of age; and/or

29. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the *Adventure Ocean* center.

30. At all times material hereto, the *Adventure Ocean* center wasunreasonably dangerous to a 3 year old in that it contained sharp and/or rigid surfaces and that created a condition that was unreasonably dangerous.

Lipcon, Margulies, Alsina & Winkleman, P.A.

31. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the *Adventure Ocean* center and/or through prior incidents involving passengers injured in the *Adventure Ocean* center on Defendant's vessels and/or other vessels reported within the cruise industry. *See, e.g., Mizel v. Royal Caribbean Cruises, Ltd. d/b/a Celebrity X Cruises*, Case No. 18-CV-02792-ENV/SMG (E.D.N.Y. 2018).

32. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

33. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

34. On or about October 12, 2019, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   a. Failure to provide its passengers, such as the Plaintiff, with reasonable care under the circumstances;

   b. Failure to provide safe passage aboard its vessel, the *Allure of the Seas*;

   c. Failure to adequately provide young child passengers like the Plaintiff with a reasonably safe *Adventure Ocean* center; and/or

   d. Failure to have adequate policies and procedures in place to adequately monitor and supervise young children while in the *Adventure Ocean* center; and/or

   e. Failure to adequately and regularly inspect the *Adventure Ocean* center for sharp and rigid surfaces that pose as a hazard to young children; and/or

   f. Failure to promulgate and/or enforce adequate policies and procedures to ensure that young child passengers are adequately supervised at all times while in the *Adventure Ocean* center; and/or

   g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that young child passengers are guarded from the danger posed by sharp and rigid objects in the *Adventure Ocean* center; and/or

   h. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the *Adventure Ocean* center is adequately and regularly inspected, monitored, cleaned and/or maintained free of sharp or rigid hazards or otherwise dangerous conditions that could create a cutting hazard; and/or

    i. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the *Adventure Ocean* center in a reasonably safe condition for young child passengers; and/or

    j. Failure to analyze prior accidents aboard Defendant's vessels involving injuries to young children in the *Adventure Ocean* center; and/or

    k. Failure to correct hazardous conditions following prior accidents in the *Adventure Ocean* center , and/or substantially similar areas aboard Defendant's other vessels fleet-wide; and/or

    l. Failure to adequately train and/or instruct and/or supervise the crew/staff working in the *Adventure Ocean* center concerning how to properly and safely supervise and/or monitor young child passengers.

35. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

36. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the *Adventure Ocean* center and/or through prior incidents involving passengers injured in the *Adventure Ocean* center on Defendant's vessels and/or other vessels reported within the cruise industry. *See, e.g., Mizel v. Royal Caribbean Cruises, Ltd. d/b/a Celebrity X Cruises*, Case No. 18-CV-02792-ENV/SMG (E.D.N.Y. 2018).As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom,

incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Andrew S. Freedman*
**JASON R. MARGULIES**
Florida bar No. 57916
jmargulies@lipcon.com
**ANDREW S. FREEDMAN**
Florida Bar No. 091087
afreedman@lipcon.com